# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**KETHRA WILLIAMS,**

    **Plaintiff,**

v.                                                    CASE NO.:

**FWC OPERATIONS, LP d/b/a**
**THE WOMEN'S CENTER,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KETHRA WILLIAMS, by and through undersigned counsel, brings this action against Defendant, FWC OPERATIONS, LP d/b/a THE WOMEN'S CENTER and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $30,000, exclusive of interest, fees, and costs, for violations of 42 U.S.C. § 1981 ("Section 1981").

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Seminole County, Florida.

### PARTIES

4. Plaintiff is a resident of Seminole County, Florida.

5. Defendant operates a healthcare clinic in Oviedo, in Seminole County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. Plaintiff is a member of a protected class of persons under Section 1981.

10. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

11. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

12. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

## FACTS

13. Plaintiff is African American.

14. Plaintiff began working for Defendant as a Front Desk Administrator in August 2019, and she worked in this capacity until December 2021.

2

15. Plaintiff performed the duties of her position with Defendant in a satisfactory manner.

16. Defendant paid Plaintiff less than similarly situated employees who weren't African American and had less experience than Plaintiff solely because of Plaintiff's race.

17. Plaintiff's supervisor refused to allow Plaintiff to wear a Black Lives Matter mask and told her she "needed to speak more white."

18. On or about November 23, 2021, Plaintiff complained to Defendant about the discrimination that she was suffering at work.

19. After Plaintiff complained to Defendant about the discrimination that she was suffering at work, Defendant took no remedial action.

20. Instead, on or about December 15, 2021, Defendant retaliated against Plaintiff for complaining about Defendant's discrimination and disparate treatment by terminating her employment.

### COUNT I –42 U.S.C. § 1981 VIOLATION
### (RACE DISCRIMINATION)

21. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

22. Plaintiff is a member of a protected class of persons under Section 1981.

23. Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race.

24.  The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

25.  Defendant's actions were willful and done with malice.

26.  As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

27.  Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

  (g)  Prejudgment interest on all monetary recovery obtained;

  (h)  All costs and attorney's fees incurred in prosecuting these claims; and

  (i)  For such further relief as this Court deems just and equitable.

## COUNT II — 42 U.S.C. § 1981 VIOLATION
## (RETALIATION)

28. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

29. Plaintiff is a member of a protected class of persons under Section 1981.

30. By complaining about the discrimination she experienced, Plaintiff engaged in protected activity under Section 1981.

31. Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating Plaintiff's employment.

32. Defendant's actions were willful and done with malice.

33. Defendant's retaliation was based solely on Plaintiff's exercise of her right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

34. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

35. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 22nd day of June, 2022.

                Respectfully submitted,

                _____
                **LUIS A. CABASSA**
                Florida Bar Number: 0053643
                **WENZEL FENTON CABASSA, P.A.**
                1110 N. Florida Avenue, Suite 300
                Tampa, Florida 33602
                Main Number: 813-224-0431
                Direct Dial: (813) 379-2565
                Facsimile: 813-229-8712
                Email: lcabassa@wfclaw.com
                Email: gnichols@wfclaw.com
                **Attorneys for Plaintiff**